Filed
1/30/2020 10:16 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2020DCV-0407-F

| | | |
|---|---|---|
| ST. LUKES UNITED METHODIST CHURCH, § | | IN THE DISTRICT COURT |
| Plaintiff, § | | |
| § | | |
| v. § | | ____ JUDICIAL DISTRICT |
| § | | |
| CHURCH MUTUAL INSURANCE § | | |
| COMPANY, § | | |
| Defendant. § | | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, ST. LUKES UNITED METHODIST CHURCH files this Original Petition against Defendant, CHURCH MUTUAL INSURANCE COMPANY ("CHURCH MUTUAL" or "Insurance Defendant"), and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in NUECES County, Texas because all or part of the conduct giving rise to the causes of action were committed in NUECES County, Texas and Plaintiff and property which is the subject of this suit are located in NUECES County, Texas.

### III. PARTIES

Plaintiff ST. LUKES UNITED METHODIST CHURCH owns the property made subject of this suit which is located in Nueces County, Texas.

Insurance Defendant is in the business of insurance in the State of Texas. The insurance business done by Insurance Defendant in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

EXHIBIT C

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, CHURCH MUTUAL INSURANCE COMPANY, is a fire and casualty insurer doing business in the State of Texas licensed with the Texas Department of Insurance. Accordingly, Defendant may be served with process by serving its Registered Agent for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. ***Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested.***

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from Hurricane Harvey in August 2017. Plaintiff seeks damages for breach of contract, violations of the Texas Insurance Code, and common law bad faith. Plaintiff also seeks their attorney's fees, compensatory damages, enhanced damages, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

### V. BACKGROUND FACTS

Plaintiff owns property located at 3151 Reid Dr., Corpus Christi, Texas 78404. The property is covered by a policy of insurance, Policy No. 02-944846. Plaintiff is a certificate holder of the Master Policy issued to United Methodist Rio Texas Conference. The Policy covered Plaintiff's property against loss by wind and water damage, among other perils.

EXHIBIT C

As a consequence of Hurricane Harvey, Plaintiff's property sustained extensive damage on or about August 2017.

Plaintiff has performed all conditions precedent to their recovery under the Policy.

Plaintiff gave timely notice to the Insurance Defendant.

The Insurance Defendant assigned the claim to adjusters to investigate, report on and adjust the loss.

Plaintiff provided information to the adjusters and opportunities for the adjusters to inspect the properties.

The Insurance Defendant has failed and refused to pay Plaintiff in accordance with their promises under the Policy and have wrongfully denied Plaintiff's claim. In addition, Insurance Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.55 *et. seq.*

## VI. CLAIMS AGAINST INSURANCE DEFENDANT

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged properties and personal property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Insurance Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Insurance Defendant and its agents constitute a breach and/or anticipatory breach of Insurance Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual

EXHIBIT C

damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Insurance Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code § 541.060:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear; and
- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by Insurance Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Insurance Defendant has also violated the Prompt Payment Act, and Plaintiff seeks damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**"Common Law Bad Faith."** Plaintiff re-alleges the foregoing paragraphs. Insurance Defendant has refused to pay or delayed in paying a claim after liability has become reasonably clear. Insurance Defendant has refused to pay, delayed in paying or offered grossly inadequate and

EXHIBIT C

unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Insurance Defendant has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to their property as a result of Insurance Defendant's refusal to honor the Policy. Insurance Defendant is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre- and post-judgment interest.

**Attorney's fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against Insurance Defendant through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorney's fees and expenses.

With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

EXHIBIT C

## IX. REQUEST FOR DISCLOSURE TO INSURANCE DEFENDANT

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Insurance Defendant provide the information required in a Request for Disclosure.

## X. REQUESTS FOR PRODUCTION TO INSURANCE DEFENDANT

Produce the complete claim file for Plaintiff's property relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiff's property which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's property which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

## XI. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.   The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B.   Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.   Damages against Insurance Defendant for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages and costs of court;

EXHIBIT C

D. Damages against Insurance Defendant for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E. Damages against Insurance Defendant, for common law breach of the duty of good faith and fair dealing, including actual damages, consequential damages, exemplary damages and pre- and post-judgment interest;

F. Damages for violations of the Prompt Payment Act; and

G. Plaintiff also seeks all other financial relief and rulings to which it may be legally or equitably entitled.

Respectfully submitted,

*/s/ Matthew R. Pearson*

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@pearsonlegalpc.com
MARY ANN NOTESTINE
State Bar No. 24075515
mnotestine@pearsonlegalpc.com
PEARSON LEGAL PC
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Facsimile: (210) 229-9277

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT C**



**ANNE LORENTZ**
NUECES COUNTY DISTRICT
P.O. BOX 2987
CORPUS CHRISTI, TX 78403

THIS ENVELOPE CONTAINS
**IMPORTANT**
LEGAL INSTRUMENTS FOR YOUR SAFEKEEPING

**CERTIFIED MAIL®**



7019 0160 0000 7141 4957



U.S. POSTAGE >> PITNEY BOWES
ZIP 78412 $ 007.60⁰
02 4W
0000346919 FEB. 06. 2020

Church Mutual Insurance Company
Registered Agent: Corporation
Service Company
211 East 7th Street, Ste 620
Austin, TX 78701

EXHIBIT C